UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LARRIE M. LARKIN, SR.,

Plaintiff,

v.

CAUSE NO. 3:21-CV-288-DRL-MGG

BRANDON STOVALL, et al.,

Defendants.

OPINION AND ORDER

Larrie M. Larkin, Sr., a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Larkin alleges that on March 4, 2021, he was moved to a new cell. ECF 1 at 2. But when he arrived at the cell, he discovered that it was a nonworking cell in that there was no light fixture, the water was not working properly, and the toilet was clogged. *Id.* The officer escorting him called Sergeant Stovall, who saw the problems with the cell but still ordered Mr. Larkin to enter. *Id.* When Mr. Larkin refused, Sergeant Stovall called more officers to physically force him inside. *Id.* Officer Arnold, Officer Cross, Officer Hawkins, and Sergeant Nam forced him in the nonworking cell and beat him. *Id.* Officer

Arnold spit on him. *Id.* at 3. Sergeant Nam pulled on the leash attached to Mr. Larkin's handcuffs so hard the cuff hit bone. Sergeant Stovall and Officer Cross slammed him face first into a steel mat, busting his face open. *Id.* None of the officers involved got him medical attention, despite his pleas. *Id.* As a result, he has a cracked molar that has to be removed, and his left pinky finger was injured and healed improperly. *Id.* at 3-4.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Although the officers may have been justified in using some force after Mr. Larkin refused an order to enter the cell, the complaint plausibly alleges the force used was excessive. Mr. Larkin states an excessive force claim against Sergeant Stovall, Officer Arnold, Officer Cross, Officer Hawkins, and Sergeant Nam.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if

2

it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks, brackets, and citations omitted). Here, the complaint plausibly alleges Sergeant Stovall, Officer Arnold, Officer Cross, Officer Hawkins, and Sergeant Nam denied Mr. Taylor constitutionally adequate medical care for his injuries following the alleged use of excessive force on March 4, 2021.

Mr. Larkin alleges that he was forced to sit for hours in a cell that was so dark he could not see his hand in front of his face, did not have running water, and had a toilet clogged with feces. ECF 1 at 2-3. At shift change, the new staff saw the conditions of Mr. Larkin's cell and moved him immediately. *Id.* at 2. Mr. Larkin seeks to hold Sergeant Stovall and Lieutenant Wynn liable for his time in the nonworking cell. However, although the cell conditions were problematic, Mr. Larkin was not subjected to them long enough for the situation to rise to the level of an Eighth Amendment violation.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer*, 511 U.S. at 834. The objective

prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). In determining whether a deprivation is sufficiently serious, the duration of the deprivation is relevant. *See Thomas v. Illinois*, 697 F.3d 612, 614 (7th Cir. 2012) (listing as one factor in whether pest infestation states a condition-of-confinement claim is "how long the infestation continues"); *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999) (instructing courts to "assess the amount and duration of the deprivation" in determining whether withholding of food was an Eighth Amendment violation); *Dixon v. Godinez*, 114 F.3d 640, 644 (7th Cir. 1997) (noting that duration is one factor in assessing conditions-of-confinement claims based on low cell temperature). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834.

Here, it must have been unsettling for Mr. Larkin to sit in a nonworking cell without knowing how long he would be there. But ultimately, it was only for several hours. Mr. Larkin does not allege any specific adverse effects from the cell conditions, and the relatively short duration prevents this from becoming a sufficiently serious deprivation for purposes of the Eighth Amendment.

For these reasons, the court:

(1) GRANTS Larrie M. Larkin, Sr., leave to proceed against Sergeant Brandon Stovall, Officer Arnold, Officer Cross, Officer Hawkins, and Sergeant Nam in their individual capacities for compensatory and punitive damages for using more force than was reasonable to get him in his cell on March 4, 2021, in violation of the Eighth Amendment;

(2) GRANTS Larrie M. Larkin, Sr., leave to proceed against Sergeant Brandon Stovall, Officer Arnold, Officer Cross, Officer Hawkins, and Sergeant Nam in their individual capacities for compensatory and punitive damages for denying him medical care following the alleged use of force on March 4, 2021, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Lieutenant Wynn;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Sergeant Brandon Stovall, Officer Arnold, Officer Cross, Officer Hawkins, and Sergeant Nam at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sergeant Brandon Stovall, Officer Arnold, Officer Cross, Officer Hawkins, and Sergeant Nam to respond, as provided for

in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

July 26, 2021

*s/ Damon R. Leichty*
Judge, United States District Court