UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LARRIE M. LARKIN, SR.,

    Plaintiff,

v.       CAUSE NO. 3:21-CV-288-DRL-MGG

BRANDON STOVALL *et al.*,

    Defendants.

OPINION AND ORDER

Larrie M. Larkin, Sr., a prisoner without a lawyer, is proceeding in this case on two claims. ECF 18. First, he is proceeding "against Sergeant Brandon Stovall, Officer Arnold, Officer Cross, Officer Hawkins, and Sergeant Nam in their individual capacities for compensatory and punitive damages for using more force than was reasonable to get him in his cell on March 4, 2021, in violation of the Eighth Amendment[.]" *Id.* at 5. Second, he is proceeding "against Sergeant Brandon Stovall, Officer Arnold, Officer Cross, Officer Hawkins, and Sergeant Nam in their individual capacities for compensatory and punitive damages for denying him medical care following the alleged use of force on March 4, 2021, in violation of the Eighth Amendment[.]" *Id.* The defendants filed a motion for summary judgment, arguing Mr. Larkin did not exhaust his administrative remedies before filing suit. ECF 48. Mr. Larkin filed a response, and the defendants filed a reply. ECF 64, 65. The court then granted Mr. Larkin until June 1, 2022 to file an amended response, and cautioned him that if he did not file a response by the deadline the summary judgment motion would be decided based on only his original response. ECF

69. Mr. Larkin did not file an amended response. Thus, the court will now rule on the summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of

2

proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002).

The Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 48-2 at 3. On March 5, 2021, Mr. Larkin submitted Grievances 124580 and 124629, complaining of the defendants' alleged conduct. ECF 48-4 at 2, 5. On May 13, 2021, the grievance office denied Grievance 124580 on the merits. *Id.* at 1. On May 14, 2021, the grievance office denied Grievance 124629 on the merits. *Id.* at 4. The prison's Grievance Specialist attests Mr. Larkin did not appeal the grievance office's denial of either grievance. ECF 48-1 at 5-6. Thus, the defendants have provided evidence Mr. Larkin did not exhaust his administrative remedies prior to filing this lawsuit.

The burden thus shifts to Mr. Larkin to adduce evidence showing a genuine dispute as to whether he exhausted his administrative remedies. In his unsworn response, Mr. Larkin does not directly dispute any of the facts provided by the defendants. Instead, Mr. Larkin asserts only that an unnamed correctional officer "will come vouch for me that he assisted me in attempt to appeal all levels of the grievance process." ECF 64 at 1. Mr. Larkin asserts this correctional officer "was turning in all my

grievances too," but he does not identify this correctional officer or explain what actions this correctional officer took to assist him in appealing Grievances 124629 and 124580.

Here, Mr. Larkin's response is insufficient to create any genuine dispute as to whether he exhausted his administrative remedies prior to filing this lawsuit. With the summary judgment motion, the defendants provided Mr. Larkin a copy of N.D. Ind. L.R. 56-1, which instructed Mr. Larkin to file a response to the summary judgment motion that "identifies the material facts that the party contends are genuinely disputed so as to make a trial necessary." ECF 50 at 3; N.D. Ind. L.R. 56-1(b)(2).[1] The defendants also provided Mr. Larkin a copy of Fed. R. Civ. P. 56, which provides that a party asserting a fact is genuinely disputed must support the assertion by "citing to particular parts of material in the record" or "showing that the materials cited do not establish the absence" of a genuine dispute. ECF 50 at 2; Fed. R. Civ. P. 56(c)(1). But Mr. Larkin provides no details about this unnamed correctional officer or the circumstances surrounding the asserted appeals, though this information would have been within his personal knowledge. Because Mr. Larkin designates no facts or evidence in support of his vague assertion that an unnamed correctional officer assisted him in completing the grievance process, his response is insufficient to survive summary judgment. *See Gabrielle M. v. Park Forest-Chicago Heights, IL. Sch. Dist. 163*, 315 F.3d 817, 822 (7th Cir. 2003) ("It is well established that in order to withstand summary judgment, the non-movant must allege specific facts creating a genuine issue for trial and may not rely on vague, conclusory

---

[1] Local Rule 56-1 was amended on February 25, 2022. Because the defendants' summary judgment motion was filed before that date, the prior version of Local Rule 56-1 applies.

allegations"); *Sommerfield v. City of Chicago*, 863 F.3d 645, 649 (7th Cir. 2017) ("Summary judgment is not a time to be coy: conclusory statements not grounded in specific facts are not enough") (quotation marks, brackets, and citation omitted). Accordingly, because the defendants have provided evidence Mr. Larkin did not exhaust his administrative remedies prior to filing this lawsuit, and Mr. Larkin provides no evidence raising a genuine dispute as to whether he exhausted his administrative remedies, summary judgment must be granted in favor of the defendants.

For these reasons, the court:

(1) GRANTS the defendants' summary judgment motion (ECF 48); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Larrie M. Larkin, Sr., and to close this case.

SO ORDERED.

August 30, 2022         *s/ Damon R. Leichty*
                        Judge, United States District Court